# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00611-CV

**James F. McKinnon, Appellant**

**v.**

**Robert Wallin and Brandon Wallin, Appellees**

### FROM THE COUNTY COURT OF GILLESPIE COUNTY
### NO. 9395, HONORABLE POLLY JACKSON SPENCER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant James F. McKinnon, acting pro se, filed a notice of appeal on August 31, 2018.[1] On December 14, 2018, the Clerk of this Court sent notice to McKinnon that it appeared that this Court lacked jurisdiction over this appeal because this Court is limited to appeals in which there exists a final judgment or appealable order. *See De Ayala v. Mackie*, 193 S.W.3d 575,

---

[1] Appellant's notice of appeal references the trial court's cause numbers 9395 and 10093. The trial court's cause number 9395 concerns the Estate of Cherry S. McKinnon. On August 31, 2018, McKinnon also filed a separate but related appeal from the trial court's cause number 10093. The underlying proceeding in the trial court's cause number 10093 was a declaratory judgment action brought by appellees against McKinnon, and McKinnon previously appealed from the final judgment in that case following a jury trial. *See generally McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 Tex. App. LEXIS 6349 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (considering appeal from final judgment and imposition of equitable lien following jury trial and affirming judgment). McKinnon's appeal from the trial court's cause number 10093 that was filed on August 31, 2018, was assigned cause number 03-18-00612-CV in this Court. In an opinion issued this same date, we similarly have dismissed the appeal in cause number 03-18-00612-CV for want of jurisdiction.

578–79 (Tex. 2006) (explaining test for determining finality of order in context of probate cases); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *In the Estate of Nunu*, No. 14-17-00495-CV, 2018 Tex. App. LEXIS 4776, at *12–13 (Tex. App.—Houston [14th Dist.] June 28, 2018, no pet.) (mem. op.) (explaining that "probate cases are an exception to the general rule that there is but one final judgment in a case" and describing test for determining if probate order is final). The Clerk requested a response from McKinnon to explain how this Court may exercise jurisdiction over this appeal.

McKinnon has filed a response to the Clerk's notice, but his response fails to demonstrate this Court's jurisdiction over this appeal.[2] He has not identified a final judgment or appealable order from which he seeks relief. As support for this Court's jurisdiction, McKinnon cites "Fraud upon the Court" and "violation of Texas Penal Code § 32.45,"[3] but he has failed to identify an appealable order or final judgment in his response. In his notice of appeal, he states that he was "a party to this proceeding July 6, 2018, and proceeding August 2, 2018. And September 19, 2016 again as a paid out judge. From treason and ex parte by Judge Polly Jackson Spencer." He also references an "Order signed August 2, 2018 to remove

---

[2] We must hold McKinnon to the same standard as parties represented by counsel. *See Stewart v. Texas Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 Tex. App. LEXIS 9787, at *5–6 & n.1 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.) ("[P]ro se appellants are held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties." (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978))).

[3] Section 32.45 of the Texas Penal Code addresses the offense of misapplication of fiduciary property or property of financial institutions. Tex. Penal Code § 32.45.

trustee in Treason and Ex Parte" and "Order to modify to delete in Will of Cherry S. McKinnon, deceased," but the clerk's record does not contain copies of any such orders.[4] McKinnon's references to these alleged orders do not demonstrate our jurisdiction over this appeal.

Appellant also attached documents to his notice of appeal, including: (i) a show cause notice dated April 7, 2015, for the application by Chris Wallendorf, as the independent administrator of the estate of Cherry S. McKinnon, for the appointment of a receiver and enforcement of a rule 11 agreement; (ii) medical records concerning McKinnon's doctor appointment on December 29, 2017; (iii) an order of referral signed on April 27, 2015, in which the trial judge declined to recuse herself; (iv) an order signed on December 1, 2016, enjoining further motions to recuse without prior written consent; and (v) McKinnon's letter of resignation as the independent executor of the estate of Cherry S. McKinnon signed on September 26, 2013. Although we may consider documents outside

---

[4] The clerk's record contains an order appointing receiver and setting bond of applicant and receiver signed by the trial court on April 16, 2015, and an order of referral signed by the trial court on April 27, 2015. In the related appeal, this Court's cause number 03-18-00612-CV, McKinnon attached documents to his notice of appeal, including a copy of an order titled "Order on James McKinnon's Petition" and a copy of his "petition" purportedly filed in February 2018 and heard at a hearing on August 2, 2018. In the "petition," McKinnon states that he is filing an "Order to Show Cause and a 'Stay.'" His primary complaints in this "petition" appear to be the trial court's authorization of payment of appellees' attorney's fees from assets of the estate of Cherry S. McKinnon and the qualifications of the trial judge. McKinnon also attached the trial court's purported order authorizing the payment of the attorney's fees, which order was signed by the trial court on January 3, 2018. To the extent that McKinnon is seeking to appeal the January 3, 2018 order and it is a final order, McKinnon's notice of appeal—filed August 31, 2018—is not timely. *See* Tex. R. App. P. 26.1 (setting forth deadlines for perfecting appeal). Further, McKinnon has not demonstrated that the August 2, 2018 "Order on James McKinnon's Petition" was a final judgment or an appealable order. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578–79 (Tex. 2006); *In re Estate of Nunu*, No. 14-17-00495-CV, 2018 Tex. App. LEXIS 4776, at *12–13 (Tex. App.—Houston [14th Dist.] June 28, 2018, no pet.) (mem. op.).

the appellate record to determine our jurisdiction, *see Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (citing Texas Rule of Evidence 201 and noting that appellate courts may take judicial notice of relevant facts outside record to determine jurisdiction), none of these documents identify a final judgment or appealable order from which this Court would have jurisdiction to consider in this appeal. We need go no further than to observe that, even if the orders that were attached to his notice of appeal were final or appealable orders, the notice of appeal would be untimely as to those orders. *See* Tex R. App. P. 26.1 (setting forth deadlines for perfecting appeals).[5]

Because McKinnon has failed to demonstrate this Court's jurisdiction to consider this appeal, we dismiss the appeal for want of jurisdiction. *See id.* R. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed: January 30, 2019

_____

[5] McKinnon also attached to his notice of appeal what appears to be his appellant's brief. His issue complains about the trial judge's disallowance of evidence at the hearing on December 29, 2017, and during the jury trial in September 2016 that occurred in the trial court's cause number 10093. As previously noted, this Court affirmed the trial court's final judgment that followed from the jury trial. *See McKinnon*, 2018 Tex. App. LEXIS 6349, at *12.