**Opinion issued November 7, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00129-CV

_____

**HOUSTON FORENSIC SCIENCE CENTER, INC., Appellant**

**V.**

**TAMMY BARETTE, Appellee**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-81317**

---

## MEMORANDUM OPINION

Appellee Tammy Barette sued her former employer, appellant Houston Forensic Science Center, Inc. ("HFSC"), for defamation relating to a press release that accused her of misconduct as a crime scene investigator. In response to HFSC's motion to dismiss under the Texas Citizens Participation Act ("TCPA"),

Barette nonsuited her claims against HFSC. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. The trial court denied the TCPA motion to dismiss, and HFSC filed this interlocutory appeal. *See id.* § 51.014(a)(12). On appeal, HFSC argues that its TCPA motion survived Barette's nonsuit because it requested attorney's fees, costs, expenses, and sanctions. HFSC also argues that the trial court erred by denying its motion to dismiss on the merits.

Because we conclude that the trial court's order denying the motion to dismiss is void, we vacate the order and dismiss this appeal.

### Background

HFSC is a local government corporation that was created by the City of Houston to operate an independent center for analysis of forensic evidence. Barette, who has a Ph.D. in Biological Anthropology, worked for HFSC as a crime scene investigator. HFSC asserts that it terminated her employment because she failed to follow policies regarding the equipment used to test evidence.

After HFSC terminated Barette's employment, it issued a press release stating that a crime scene investigator had been terminated due to the use of testing equipment that led to false negative results. Later, employees of HFSC identified Barette to news organizations, which identified her by name in their reporting.

Barette sued HFSC for defamation per se based on the press release. She denied the allegations in the press release and later news stories, asserting that they

2

included multiple false statements. HFSC filed a combined plea to the jurisdiction and motion to dismiss Barette's claim for defamation per se under the TCPA. HFSC argued that Barette could not prove a prima facie case of defamation per se with clear and specific evidence. HFSC specifically challenged Barette's ability to show falsity, fault, and damages. HFSC also argued that it was entitled to dismissal under the TCPA because it was immune from intentional torts under the Texas Tort Claims Act ("TTCA"). HFSC requested "affirmative relief" of "court costs, reasonable attorney's fees, other expenses incurred in defending the claim as justice and equity may require," and sanctions.

Three days after HFSC filed its combined motion, Barette amended her petition, dropping claims of defamation per se against HFSC and adding claims of defamation per se against four employees of HFSC. HFSC filed a supplemental brief on its pending TCPA motion to dismiss, arguing that its request for attorney's fees, costs, and expenses under the TCPA survived Barette's nonsuit.

The trial court denied both the plea to the jurisdiction and the TCPA motion to dismiss, and HFSC appealed.

**Analysis**

On appeal, HFSC raises two issues, challenging only the trial court's ruling on the TCPA dismissal motion.

3

The procedural posture of this case is unusual. In the trial court, HFSC challenged the same claim—defamation per se—by asserting both that the court lacked subject-matter jurisdiction due to governmental immunity and by asking the court to dismiss the claim and award attorney's fees, costs, expenses, and sanctions. When a court lacks subject matter jurisdiction because a party is "immune from a pending claim, any court decision regarding that claim is advisory to the extent it addresses issues other than immunity, and the Texas Constitution does not afford courts jurisdiction to make advisory decisions or issue advisory opinions." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012).

Sovereign immunity is a common-law doctrine that protects the state from suit or liability unless there exists an express constitutional or statutory waiver of immunity. *See City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Ordinarily, an entity claiming governmental immunity is a political subdivision. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 748 (Tex. 2018). However, when "the governing statutory authority demonstrates legislative intent to grant an entity the 'nature, purposes, and powers' of an 'arm of the State government,' that entity

4

is a government unit unto itself." *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 325 (Tex. 2006) (citing *Harris Cty. Flood Control Dist. v. Mann*, 140 S.W.2d 1098, 1101 (Tex. 1940)).

A local government corporation may be created under the authority of the Transportation Code "to aid and act on behalf of one or more local governments to accomplish any governmental purpose of those local governments." TEX. TRANSP. CODE § 431.101(a). A local government corporation is defined as "a governmental unit as that term is used" in the TTCA, and its operations are expressly defined as "governmental, not proprietary, functions." *Id.* § 431.108. Thus, the Transportation Code demonstrates the legislative intent for local government corporations to be governmental units protected by governmental immunity. *See Rosenberg Dev. Corp.*, 571 S.W.3d at 748; *Ben Bolt-Palito*, 212 S.W.3d at 325; *Ray Ferguson Interests, Inc. v. Harris Cty. Sports & Convention Corp.*, 169 S.W.3d 18, 22 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (concluding that a local governmental corporation was protected by governmental immunity).

The TTCA provides a limited waiver of sovereign or governmental immunity for certain negligent acts by governmental employees. TEX. CIV. PRAC. & REM. CODE § 101.021; *see Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (TTCA is limited waiver of both sovereign and

governmental immunity); *Rogge v. City of Richmond*, 506 S.W.3d 570, 574 (Tex. App.—Houston [1st Dist.] 2016, no pet.). But it does not waive immunity for intentional torts. TEX. CIV. PRAC. & REM. CODE § 101.057.

HFSC attached evidence to its combined plea to the jurisdiction and TCPA motion to dismiss. The evidence included the certificate of formation and two certificates of amendment showing that HFSC is a local government corporation created under Chapter 431 of the Transportation Code. It also attached a City of Houston resolution authorizing the creation of HFSC, a letter from the incorporators to the City Secretary, and a City of Houston resolution approving bylaws for HFSC, all of which referenced the fact that HFSC was a local government corporation.

In her original petition, Barette sued HFSC for defamation per se. Defamation per se is an intentional tort for which the TTCA does not waive immunity. *See Davis v. City of Aransas Pass*, No. 13-17-00455-CV, 2018 WL 4140633, at *2 (Tex. App.—Corpus Christi Aug. 29, 2018, no pet.) (mem. op.); *Patrick v. McKinney Hous. Auth.*, No. 05-01-00826-CV, 2002 WL 535467, at *2 (Tex. App.—Dallas Apr. 11, 2002, no pet.) (mem. op.); *see also Collins v. Ison-Newsome*, 73 S.W.3d 178, 182 (Tex. 2001) (defamation is an intentional tort); *Leatherwood v. Prairie View A & M Univ.*, No. 01-02-01334-CV, 2004 WL 253275, at *3 (Tex. App.—Houston [1st Dist.] Feb. 12, 2004, no pet.) (mem. op.)

(same). Barette did not allege any ultra vires acts or any other basis for a waiver of immunity. Accordingly, we conclude that HFSC was immune from suit for defamation per se.

Because HFSC was immune from suit, the trial court lacked subject matter jurisdiction to take any action regarding the defamation per se claim except to dismiss it. *See Rusk State Hosp.*, 392 S.W.3d at 95. In the trial court, in response to HFSC's assertion of governmental immunity, Barette nonsuited her defamation per se claim. This mooted HFSC's plea to the jurisdiction because after the nonsuit, there was no "live, non-abstract question of law that, if decided, would have a binding effect on the parties." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 147 (Tex. 2012).

In this appeal, HFSC argues that the TCPA applied to its claim and that it was entitled to dismissal and a monetary award under the cost-shifting provisions of the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.009; *State ex rel. Best v. Harper*, 562 S.W.3d 1, 19 (Tex. 2018). But the Texas Constitution prohibits advisory opinions, so the trial court never had jurisdiction to do anything other than dismiss the defamation per se claim. *See Rusk State Hosp.*, 392 S.W.3d at 95; *Heckman*, 369 S.W.3d at 147. We need not decide whether the TCPA motion to dismiss survived Barette's nonsuit because, on the facts of this case, the trial court lacked jurisdiction to consider that question at all.

7

We conclude that the trial court did not err by refusing to grant the TCPA motion to dismiss. However, because the trial court lacked jurisdiction to consider the TCPA motion to dismiss a claim over which it lacked jurisdiction, we conclude that the order denying the motion to dismiss was void. The order denying the motion to dismiss is the sole basis for appellate jurisdiction over this interlocutory appeal. Because the order is void, we lack jurisdiction to consider the merits of the appeal. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012).

## Conclusion

We vacate the trial court's order denying the TCPA motion to dismiss, and we dismiss this appeal. *See* TEX. R. APP. P. 43.2.

Peter Kelly
Justice

Panel consi sts of Justices Kelly, Hightower, and Countiss.