**FREEDOM COMMUNICATIONS, INC.,**
d/b/a The Brownsville Herald and
Valley Morning Star, Petitioner,

v.

Juan Antonio CORONADO,
et al., Respondents.

No. 09–0745.

Supreme Court of Texas.

June 22, 2012.

Jeffery T. Nobles, Beirne Maynard & Parsons L.L.P., Houston, John A. Bussian III, The Bussian Law Firm, PLLC, Raleigh, NC, Christina Fontenot Crozier, Haynes and Boone, LLP, Houston, TX, Brian G. Janis, Brian G. Janis, PC, Brownsville, TX, for Freedom Communications, Inc., d/b/a The Brownsville Herald and Valley Morning Star.

Marc G. Rosenthal, Charles L. Levy, Juanita Lynn Watson, Rosenthal & Watson, PC, Austin, TX, Paul Lanaux Fourt, Law Office of Paul L. Fourt, Jr., Robert Julius Lerma, Brownsville, TX, Oscar De La Fuente Jr., Attorney at Law, Harlingen, David J. Healey, Fish & Richardson, P.C., Houston, TX, for Juan Antonio Coronado.

PER CURIAM.

This interlocutory appeal is from the denial of a media defendant's motion for summary judgment regarding claims that it defamed the plaintiffs and invaded their privacy by publishing a political advertisement. We conclude that neither the court of appeals nor this Court has jurisdiction to consider the merits of the parties' arguments because the trial court judge accepted a bribe for ruling on the summary-judgment motion, constitutionally disqualifying him from this case and thus making his order void. We vacate the judgment of the court of appeals and remand the case to the trial court for further proceedings.

In 2008 Peter Zavaletta sought election to the position of Cameron County District Attorney. During the course of his election campaign he advertised in the Brownsville Herald and Valley Morning Star, two Freedom Communications, Inc. (Freedom) newspapers, that the incumbent District Attorney failed to prosecute child abuse cases. The advertisement included the names of individuals who were arrested, but not prosecuted, for alleged child abuse. Juan Antonio Coronado, Francisco Solis Ramirez, Roberto Rivera III, and Ruben Contreras (collectively, Coronado) were among the persons identified in the advertisement. They sued Zavaletta, Freedom, and former District Attorney

Yolanda DeLeon, contending that the advertisement defamed them and invaded their privacy. Freedom moved for summary judgment on the grounds that the advertisement was accurate, true, and nonactionable under the United States and Texas Constitutions and Texas statutory and common law. The trial court judge, Abel Limas, denied the motion and Freedom filed an interlocutory appeal. *See* Tex. Civ. Prac. & Rem.Code § 51.014(a)(6) (allowing for an appeal from an interlocutory order that denies a motion for summary judgment based upon a claim against a member of the electronic or print media arising under the free speech clause of the First Amendment to the United States Constitution or Article I, Section 8, of the Texas Constitution). The court of appeals affirmed, with one justice dissenting. 296 S.W.3d 790.

Freedom filed a petition for review in this Court and as part of its briefing provided a copy of a plea agreement filed in the United States District Court for the Southern District of Texas. The agreement shows that after the court of appeals issued its decision, Limas pleaded guilty to federal racketeering charges. He admitted in the plea that on May 8, 2008, he accepted $8,000 in cash for, in part, making rulings favorable to the plaintiffs in this case, including "denying [Freedom's] Summary Judgment [motion] on November 26th." The plea agreement is not in the appellate record and Coronado urges us not to consider it, arguing that Freedom's reference to the plea amounts to an impermissible attempt to obtain sanctions against them in this Court. Freedom maintains that the facts contained in the plea agreement are appropriate for judicial notice and it is not seeking sanctions or any other relief based on Limas's motives in ruling on the summary-judgment motion. Instead, Freedom argues that we should decide the merits of this appeal, but

do so using "close appellate scrutiny" because Limas's guilty plea suggests his ruling on the summary-judgment motion was not the product of good faith.

■ An appellate court may take judicial notice of a relevant fact that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tex.R. Evid. 201(b); *see Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex.1994) (per curiam). Judicial notice of such a fact is mandatory if a party requests it and supplies "the necessary information." Tex.R. Evid. 201(d). Under this standard, a court will take judicial notice of another court's records if a party provides proof of the records. *See, e.g., MCI Sales & Serv., Inc. v. Hinton,* 329 S.W.3d 475, 497 n. 21 (Tex.2010); *WorldPeace v. Comm'n for Lawyer Discipline,* 183 S.W.3d 451, 459 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). Here, Freedom has provided a copy of Limas's plea agreement in federal district court and urges us to take judicial notice of the facts in the agreement.

■ Freedom's request leads us to question whether we have jurisdiction to decide this appeal. That is because appellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex. 1995); *see also Univ. of Tex. Sw. Med. Ctr. of Dallas v. Margulis,* 11 S.W.3d 186, 187 (Tex.2000) (per curiam) ("[E]ven when an appeal is interlocutory, we have jurisdiction to determine whether the court of

appeals [had] jurisdiction of the appeal."). And we must consider our jurisdiction, even if that consideration is sua sponte. *See Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517 n. 15 (Tex.1995).

The Texas Constitution provides that "[n]o judge shall sit in any case wherein the judge may be interested." TEX. CONST. art. V, § 11. A judge is "interested" in a case—and thus disqualified under Article V, Section 11—if an order or judgment in the case will directly "affect him to his personal or pecuniary loss or gain." *Elliott v. Scott*, 119 Tex. 94, 25 S.W.2d 150, 152 (1930) (quoting *City of Oak Cliff v. State*, 97 Tex. 391, 79 S.W. 1068, 1069 (1904)). A disqualified judge has no power to act in the case. *Postal Mut. Indem. Co. v. Ellis*, 140 Tex. 570, 169 S.W.2d 482, 484 (1943). Discretionary judicial acts by a disqualified judge are void. *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 555 (Tex.2006); *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex.1982). Thus, the disqualification of a judge is a jurisdictional issue that cannot be waived. *Postal Mut. Indem. Co.*, 169 S.W.2d at 484; *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993).

Limas's order denying Freedom's summary-judgment motion is the sole basis for appellate jurisdiction over this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(a)(6); TEX. GOV'T CODE § 22.225(c), (d). If Limas's order is void, then the court of appeals did not have authority to consider the merits of Freedom's appeal from the order denying summary judgment, and neither do we. In these circumstances the facts in Limas's plea agreement are relevant, it is appropriate for us to take judicial notice of them, and we do so. *See* TEX.R. EVID. 201(b), (d), (f); TEX. CIV. PRAC. & REM.CODE § 51.014(a)(6); TEX. GOV'T CODE 22.225(c),

(d); *see also SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.-Dallas 1991, no writ) ("As a general rule, appellate courts take judicial notice of facts outside the record only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law. . . .").

The facts in the plea agreement show that Limas had an interest—an illegal interest, no less—in this case because he obtained a pecuniary gain as a direct result of his rulings, including his order denying Freedom's summary-judgment motion. *See Elliott*, 25 S.W.2d at 152. Therefore, he was disqualified and his discretionary ruling on the summary-judgment motion was void. *See* TEX. CONST. art. V, § 11; *Tesco Am., Inc.*, 221 S.W.3d at 555. Because the order on which Freedom bases its appeal is void, we cannot address the merits of the appeal and the court of appeals did not have authority to do so either—even though it had no way of knowing so. *See Univ. of Tex. Sw. Med. Ctr. of Dallas*, 11 S.W.3d at 187; *Postal Mut. Indem. Co.*, 169 S.W.2d at 484.

Accordingly, without hearing oral argument, we vacate the court of appeals' judgment and opinion. TEX.R.APP. P. 59.1; *see, e.g., Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000) (per curiam) (vacating the judgment and opinion of the court of appeals as advisory when the case had become moot before the opinion issued). We remand the case to the trial court for further proceedings. TEX.R.APP. P. 60.6.