# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-18-00612-CV

**James F. McKinnon, Appellant**

**v.**

**Robert Wallin and Brandon Wallin, Appellees**

### FROM THE COUNTY COURT OF GILLESPIE COUNTY
### NO. 10093, HONORABLE POLLY JACKSON SPENCER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant James F. McKinnon, acting pro se, filed a notice of appeal on August 31, 2018.[1] On December 14, 2018, the Clerk of this Court sent notice to McKinnon that it appeared that this Court lacked jurisdiction over this appeal because this Court is limited to appeals in which there exists a final judgment or appealable order. *See Lehmann v. Har-Con Corp.*,

---

[1] Appellant's notice of appeal references the trial court's cause numbers 9395 and 10093. The underlying proceeding in the trial court's cause number 10093 was a declaratory judgment action brought by appellees against McKinnon, and McKinnon previously appealed from the final judgment in cause number 10093 following a jury trial. *See generally McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 Tex. App. LEXIS 6349 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.).

On August 31, 2018, McKinnon also filed a separate but related appeal from the trial court's cause number 9395. The underlying proceeding in that case concerns the Estate of Cherry S. McKinnon, and McKinnon's appeal was assigned cause number 03-18-00611-CV in this Court. In an opinion issued this same date, we similarly have dismissed the appeal in cause number 03-18-00611-CV for want of jurisdiction.

39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"). The Clerk requested a response explaining how this Court may exercise jurisdiction over this appeal. Specifically, McKinnon needed to identify a final judgment or order that was subject to appeal.

Although McKinnon has filed a lengthy response to the Clerk's notice, he failed to demonstrate this Court's jurisdiction over this appeal. He has not identified a final judgment or order that is subject to appeal in this cause number.[2] As support for this Court's jurisdiction, McKinnon cites "Fraud upon the Court" and "violation of Texas Penal Code § 32.45"[3] in his response, but these references do not identify an appealable order or final judgment. In his notice of appeal, McKinnon states that he was a party to "proceedings of Chris Wallendorf administrator of the estate of Cherry S. McKinnon, deceased. In Violation of Penal Code Section 32.45 Misapplication of Fiduciary property of estate," and he lists the following topics as the subjects of the appeal:

> 1.a. Violation of Penal Code 32.45 misapplication of fiduciary property of estate of Cherry S. McKinnon, deceased.
> b. Judge Spencer not allowing evidence from December 29, 2017 due to Ex parte and violation of Article VI(A) of Will, by Chris Wallendorf administrator of the estate of decedent Cherry S. McKinnon,

---

[2] We must hold McKinnon to the same standard as parties represented by counsel. *See Stewart v. Texas Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 Tex. App. LEXIS 9787, at *5–6 & n.1 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.) ("[P]ro se appellants are held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties." (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978))).

[3] Section 32.45 of the Texas Penal Code addresses the offense of misapplication of fiduciary property or property of financial institutions. Tex. Penal Code § 32.45.

c. July 26, 2016 meeting with Chris Wallendorf and Mr. McKinnon, Chris Wallendorf stated that he was threatened with a lawsuit by other side to do as they instructed.

He, however, did not identify an appealable order or final judgment that he is seeking to appeal. *See* Tex. R. App. P. 25.1(d) (describing required content of notice of appeal). The clerk's record also does not contain an appealable order or final judgment.

McKinnon attached documents to his notice of appeal, including a copy of a purported order signed by the trial court on August 2, 2018, titled "Order on James McKinnon's petition."[4] Although we may consider documents that are not in the appellate record to determine our jurisdiction, *see Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (citing Texas Rule of Evidence 201 and noting that appellate courts may take judicial notice of relevant facts outside record to determine jurisdiction), none of the attached documents demonstrate our jurisdiction over this appeal. According to the August 2, 2018 order, McKinnon filed a "petition"—an "Order to Show Cause and a 'Stay'"—in February 2018, and McKinnon also attached a copy of this "petition" to his notice of appeal. In this document, McKinnon challenged a purported

---

[4] Other documents attached to his notice of appeal are: (i) transcript of an audio recording that was transcribed in April 2017; (ii) copies of a settlement statement, special warranty deed, bill of sale, and other documents from July 2015 pertaining to ranch property that was owned by McKinnon and Cherry S. McKinnon; (iii) medical records concerning McKinnon's doctor appointment on December 29, 2017; and (iv) a copy of the "Last Will and Testament of Cherry S. McKinnon."

McKinnon also attached what appears to be his appellant's brief. His issues complain about the trial court's failure to allow evidence at the hearing in December 2017 and the trial judge's alleged unfairness and bias. As previously noted, this Court affirmed the trial court's final judgment that followed from the jury trial. *See McKinnon*, 2018 Tex. App. LEXIS 6349, at *12.

3

order granting a motion for instruction that was signed by the trial court in its cause number 9395 on January 3, 2018, and the qualifications of the trial judge. He also attached a copy of the purported order granting the motion for instruction. In this order, the trial court authorized Chris Wallendorf, the independent administrator of the estate of Cherry S. McKinnon, to pay appellees' attorney's fees from assets of the estate. To the extent that he is challenging the August 2, 2018, order on his "petition," McKinnon has failed to demonstrate that it is a final judgment or order that is subject to appeal from the trial court's cause number 10093. *See Lehmann*, 39 S.W.3d at 195.

McKinnon has failed to identify a final judgment or appealable order to support this Court's jurisdiction. Because McKinnon has failed to demonstrate this Court's jurisdiction over this appeal, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed: January 30, 2019