# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00067-CV

---

**Brandi K Stokes, Appellant**

**v.**

**Christopher Corsbie, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-10-003078, THE HONORABLE TIM SULAK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Brandi K Stokes, a licensed attorney representing herself, appeals from the trial court's order modifying her parent-child relationship with her daughter, E.R.C. In her sole appellate issue, Stokes contends that the challenged order is void because the trial judge was constitutionally disqualified.[1] We will affirm the trial court's order.

"The Texas Constitution provides that '[n]o judge shall sit in any case wherein the judge may be interested.'" *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (per curiam) (quoting Tex. Const. art. V, § 11). "A judge is 'interested' in a case—and thus disqualified under Article V, Section 11—if an order or judgment in the case will directly 'affect him to his personal or pecuniary loss or gain.'" *Id.* (quoting *Elliott v. Scott*, 25 S.W.2d 150, 152 (Tex. 1930)). "The interest must be direct and immediate, and not contingent, remote, or speculative." *Roach v. Ingram*, 557 S.W.3d 203, 215 (Tex. App.—Houston [14th Dist.] 2018,

---

[1] Appellee Christopher Corsbie has not filed a brief in this appeal.

pet. denied). "Discretionary judicial acts by a disqualified judge are void." *Coronado*, 372 S.W.3d at 624. "Thus, the disqualification of a judge is a jurisdictional issue that cannot be waived." *Id.* "Whether a judge is disqualified is a question of law that we generally review de novo." *Fuelberg v. State*, 410 S.W.3d 498, 503 (Tex. App.—Austin 2013, no pet.).

Stokes argues that the trial judge was disqualified because of bribery:

> The evidence of undisclosed payments of large sums of money (totaling $150,000) by Mr. Corsbie to his attorneys during the underlying proceedings along with evidence of undisclosed involvement by Judge Tim Sulak in the pre-trial proceedings from 2014 through July of 2015 is sufficient to conclude that the case is tainted by bribery. *See* Tx. Penal Code Sec. 36.02. At this juncture, no other plausible explanation exists for the ongoing abuses against Ms. Stokes by Judge Tim Sulak. The abuses are so egregious and so devastating to the welfare of the innocent child involved that significant criminal liability having been incurred by the judge presiding is the only explanation that makes sense.
>
> Evidence of an undisclosed payment of a large sum of money brought to the attention of the judge and subsequently ignored is sufficient to support a finding that the judge is "interested" in the case, because a failure to investigate and remediate evidence of criminal activity affecting the proceedings brings upon the judge criminal liability in and of itself. Tx. Penal Code § 7.02(a). As such, Judge Sulak has incurred criminal liability for failing to investigate and remediate the undisclosed payments, even if the evidence is not sufficient to conclude that Judge Sulak personally received any of the undisclosed money.

In connection with these allegations, Stokes asserts the following:

- "Ms. Stokes has lived for many years under the duress of death threats, rape threats, and pervasive harassment while being maligned mercilessly by Mr. Corsbie, his family, his legal team, and anyone else that Mr. Corsbie could corral to bully up on Ms. Stokes."

- "At the end of what has become a nearly ten-year ordeal, it is now clear that Mr. Corsbie sexually assaulted Ms. Stokes to impregnate her and then embarked upon a criminal course of conduct to gain control of the child."

- "Because of Mr. Corsbie's association with foreign nationals and because of Ms. Stokes' security clearance background, his conduct will eventually need to be investigated as a war crime in a different forum. Multiple appeals are currently pending in the federal court system that deal with the bulk of Mr. Corsbie's conduct."

2

- "At a pre-trial hearing on July 17, 2015, Judge Timothy Sulak suspended Appellant's due process rights and turned over summaries of Appellant's medical records . . . . Prior to this hearing, there was no indication that Judge Sulak was involved in the case, and Ms. Stokes did not receive any notice of assignment for this case in 2014 or 2015."

- "On July 21, 2015, Sam Bassett[2] requested $50,000 in attorney's fees for his work on the case."

- On August 30, 2017, at a post-trial hearing, Corsbie testified that he had paid Bassett approximately $120,000 in attorney's fees.

- "On September 11, 2017, Ms. Stokes filed a Motion to Set Aside Void Verdict and Motion to Abate Proceedings and a Motion to Set Aside Void Order and Motion to Abate Proceedings detailing evidence of significant criminal and professional misconduct."[3]

- "On October 20, 2017, Mr. Sam Bassett sent a letter to the State Bar of Texas disclosing that Judge Tim Sulak has presided over the case at issue since 2014, however, the record is devoid of any evidence of involvement from Judge Sulak prior to the hearing held on July 17, 2015."

- "On November 8, 2017, Mr. Corsbie sent a text message to his mother disclosing that he had actually spent $200,000 on attorneys' fees and that he has the ability and resolve to expend more 'if necessary.'"

- "Evidence regarding discovery is not evident in the record because Judge Sulak refused to hold any hearing on Appellant's 'Motion to Set aside Void Verdict and Motion to

---

[2] Bassett represented Corsbie in the trial court. The record contains a motion to disqualify Bassett as counsel, in which Stokes asserts that "Mr. Bassett is biologically related to Ms. Stokes through an alleged rape and is conflicted out of this case as a result of this underlying issue." In the motion, Stokes also states, "Mr. Bassett has asked Ms. Stokes to marry him on two occasions. The first time, she said she would think about it. The second time, she agreed. At this juncture, she has withdrawn her agreement . . . . The second time Mr. Bassett asked was with sign language in Judge Yelenosky's court." In a footnote in her appellate brief, Stokes states, "The record has been altered in a manner that would serve to frame Mr. Sam Bassett for the bribery at issue in this case, and Ms. Stokes is in the process of drafting an affidavit that will clear Mr. Sam Bassett of all criminal culpability."

[3] In her "Motion to Set Aside Void Verdict and Motion to Abate the Proceedings," Stokes asserts that Bassett "gave dishonest testimony to [the trial court] regarding multiple issues" and that Bassett's dishonesty "warrants investigation as it implicates [Bassett] in the local child custody racket." Stokes further asserts that "[t]here is also enough evidence to support a charge of espionage against Judge Tim Sulak" and that she "has filed a complaint with the FBI regarding the espionage issue."

Abate Proceedings' and Appellant's 'Motion to Set Aside Void Order and Motion to Abate Proceedings.'"

Based on the record before us and Stokes's appellate arguments, we conclude that Stokes has failed to overcome our presumption that the trial court acted lawfully and correctly. *See Mortland v. Dripping Springs I.S.D.*, No. 03-02-00331-CV, 2003 WL 21705258, at *1 (Tex. App.—Austin July 24, 2003, no pet.) (mem. op.) ("In general, the appellate court indulges every presumption in favor of the regularity of the proceedings and documents in the trial court.") (internal quotation marks omitted); *University of Tex. at Austin v. Hinton*, 822 S.W.2d 197, 202 (Tex. App.—Austin 1991, no writ) ("We must presume that the proceedings and judgment below were regular and correct."). At most, Stokes has shown that there was some uncertainty about the amount of attorney's fees that Corsbie paid to his attorney. Without more, we decline to hold that the judge was financially interested in these proceedings and therefore constitutionally disqualified. Accordingly, we overrule Stokes's sole appellate issue.

## CONCLUSION

We affirm the trial court's order.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed: July 2, 2019

4