**Opinion issued December 10, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00681-CV

————————————

## QUADRY MILLS, Cross-Appellant

## V.

## ASHLEY ALLESSANDRIA HOLDEN, Cross-Appellee

On Appeal from the 507th District Court
Harris County, Texas
Trial Court Case No. 2019-42557

## MEMORANDUM OPINION

Cross-appellant, Quadry Mills, attempts to appeal from the trial court's September 24, 2019 "Order Granting Motion for New Trial." We dismiss the cross-appeal.

On August 5, 2019, the trial court signed a "Default Order Adjudicating Parentage and to Establish the Parent-Child Relationship." On September 6, 2019, cross-appellee, Ashley Allessandria Holden, filed a motion for new trial and, separately, a notice of appeal. On September 27, 2019, three days after the motion for new trial was granted, Mills filed a notice of appeal of the order granting the motion for new trial.

A motion for new trial filed must be filed, if at all, within thirty days of the date the final judgment is signed. TEX. R. CIV. P. 329b.  A timely filed motion for new trial extends the trial court's plenary power. TEX. R. CIV. P. 329b(e). Holden's motion for new trial was due by September 4, 2019.  Holden filed her motion for new trial on September 6, 2019, thirty-two days after the final judgment was signed. Because the motion for new trial was untimely filed, it did not extend the trial court's plenary power. *See* TEX. R. CIV. P. 329b(e). Given that the motion for new trial was not timely filed, the trial court's order granting the motion for new trial is void because the trial court lacked plenary power. *See Castro v. Shell Oil Co.*, No. 01-10-00609-CV, 2011 WL 1234382, at *1 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.) (trial court's order on untimely motion for new trial void); *see also In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (order granting new trial signed after trial court's plenary power period expired void). This Court lacks jurisdiction to hear appeals of void orders. *See*

*Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments . . . ."); *see also Castro*, 2011 WL 1234382, at *1 (trial court's void order "presents nothing for appellate review.").

On October 22, 2019, the Clerk of this Court issued a notice that this Court might dismiss Mills's cross-appeal for want of jurisdiction unless Mills filed a response within ten days of the notice explaining how this Court had jurisdiction over his cross-appeal. Mills did not adequately respond to the notice.

Accordingly, we dismiss Mills's cross-appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss any pending motions related to the cross-appeal as moot. The appeal of appellant, Ashley Allessandria Holden, remains pending on the Court's active docket.

**PER CURIAM**

Panel consists of Justices Keyes, Goodman, and Countiss.