**Affirm and Opinion Filed September 2, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00161-CV**

**IN THE INTEREST OF P.Z.F., A CHILD**

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-18-00558-X**

## OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Nowell

Father appeals from the trial court's Decree of Termination that terminated

his parental rights to P.Z.F., a child. In a single issue, Father argues the Decree of

Termination is void because the trial court lost jurisdiction.[1] We affirm.

PROCEDURAL HISTORY

The Department of Family and Protective Services filed its original petition

for protection of a child, for conservatorship, and for termination in a suit affecting

the parent-child relationship on May 11, 2018. P.Z.F. was one of the children who

was the subject of the suit. The trial court executed an ex parte order for emergency

---

[1] Because Father does not challenge the sufficiency of the evidence, we only provide the facts relevant
to the disposition of the appeal. *See* TEX. R. APP. P. 47.1.

care and temporary custody of P.Z.F. on May 14, 2018, which appointed the Department as the temporary managing conservator of P.Z.F. On June 6, 2018, the trial court entered a temporary order appointing the Department as temporary managing conservator of P.Z.F.

In February 2019, the court set the case for a bench trial to begin on April 17, 2019. Two days before the trial date, the Department filed a motion for continuance stating that the results of a home study of the children's grandparents who lived in Arkansas were pending. On April 17, 2019, the trial court made the following docket sheet entry:

> **TBC – TRIAL BY COURT** (1:30pm)
> *All sides present. Issue of whether ICPC [home study] candidate will take all three children. Continuance by agreement.*

On May 16, 2019, the trial court made another docket sheet entry:

> **TBC – TRIAL BY COURT** (1:30pm)
> *All sides present. Parties have [mediated settlement agreement] – awaiting [home study] from Arkansas. Continue by agreement and extend by agreement. Also OAG Intervention.*

A docket sheet entry made on May 20, 2019 states: "*CANCELED.* **DISM – DISMISSAL** (9:00 AM) . . . *REQUESTED BY JUDGE.*" A new dismissal date was set for November 15, 2019.

On September 26, 2019, following a hearing, the trial court orally ordered P.Z.F. returned to Mother for a monitored return pursuant to conditions in the

parties' mediated settlement agreement.  On October 11, 2019, the court signed a written order stating:

> The Court having reviewed the file, pleadings, arguments of counsel and parties and noted that this matter has come to the court prior to the tolling of the one year anniversary date and hereby finds that it is in the best interests of the children, and necessary for the administration of justice, pursuant to 263.403 of the Texas Family Code, to extend the Court's jurisdiction to allow the children to be placed in the parent's home.  The Court further finds that retaining jurisdiction under Section 263.403 of the Texas Family Code is in the best interests of the children.
> The Court further finds that the children will be placed into full-time possession of [Mother], who will continue to cooperate and comply with the Court ordered services AND ALL FOLLOW-UP RECOMMENDATIONS.

The trial court further ordered: "The Court's jurisdiction shall be EXTENDED and continue until **March 23, 2020**[,] which shall become the date of dismissal and it is the date this Court shall lose its jurisdiction and is also the date the temporary orders regarding the Texas Department of Family and Protective Services shall expire by operation of law."  The trial court continued Mother as the Temporary Managing Conservator on December 17, 2019; in the same order, it reset the trial date for March 5, 2020.

Trial commenced on March 5, 2020, and continued on several subsequent dates. The trial court then signed a Decree of Termination terminating Father's parental rights to P.Z.F. on March 9, 2021.  This appeal followed.

In his sole issue, Father argues the Decree of Termination is void because the trial court did not properly extend its jurisdiction pursuant to section 263.401(b) of the family code. *See* TEX. FAM. CODE ANN. § 263.401(b). A judgment is void when it is apparent that the court rendering judgment lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the particular judgment, or had no capacity to act. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020). Appellate courts have jurisdiction to determine whether an order or judgment underlying the appeal is void and to make appropriate orders based on that determination. *See Freedom Commc'ns., Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012).

In cases where the Department requests termination of parental rights or conservatorship of a child, the family code requires the court to begin trial no later than the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator. *See* TEX. FAM. CODE § 263.401(a). The trial court may extend the deadline if it finds that "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id*. § 263.401(b). If the court makes those findings, the court may retain the suit on its docket "for a period not to exceed 180 days after the time described by Subsection (a)." *Id.* If the trial court grants an extension under subsection (b) but

fails to commence the trial on the merits before the dismissal date, "the court's jurisdiction over the suit is terminated and the suit is automatically dismissed without a court order." *Id.* § 263.401(c); *see also In re G.X.H.*, No. 19-0959, 2021 WL 1704234, at *1 (Tex. Apr. 30, 2021). "The court may not grant an additional extension that extends the suit beyond the required date for dismissal" under Subsection (b). TEX. FAM CODE § 263.401(c).

However, notwithstanding the provisions of section 263.401, the trial court may retain jurisdiction over a case if it: (1) finds that retention is in the best interest of the child; (2) orders a Department-monitored return of the child to a parent; and (3) continues the Department as temporary managing conservator of the child. *See* TEX. FAM. CODE § 263.403(a); *see also In re A.H.J.*, No. 05-15-00501-CV, 2015 WL 5866256, at *2 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.). If the trial court renders an order pursuant to section 263.403, it shall "schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit unless a trial on the merits has commenced." TEX. FAM. CODE § 263.403(b).

In this case, the trial court initially appointed the Department as temporary managing conservator of P.Z.F. on May 14, 2018; accordingly, the automatic dismissal date was May 20, 2019. *See generally* TEX. FAM. CODE § 263.401(a) (the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator). Father

–5–

argues the May 16, 2019 docket sheet entry, made four days before the automatic dismissal date, did not extend the trial court's jurisdiction and, therefore, the order terminating his parental rights is void. The Department responds that, based on the Texas Supreme Court's recent opinion in *In re G.X.H.*, the trial court's docket sheet entry was sufficient, and the trial court never lost jurisdiction.

In *G.X.H.*, the Department filed suit seeking to terminate both parents' parental rights to two children. *G.X.H.*, 2021 WL 1704234, at *1. The trial court entered a temporary order appointing the Department as the children's temporary managing conservator, and it set the case for trial one month before the automatic dismissal date. *Id.* at *1-2. One month before the automatic dismissal date, the Department filed a motion to retain the suit on the court's docket and set a new dismissal date. *Id.* at *2. The Department's motion tracked the statutory language, asserting "[t]here are extraordinary circumstances that necessitate the children remaining in the temporary managing conservatorship of the Department" and "continuing the appointment of the Department as temporary managing conservator is in the best interest of the children." *Id.* (quoting Department's motion). The Department also filed a motion for continuance. Rather than entering an order, the trial court made a docket sheet entry:

> Motion for continuance – cps, strickling, cooper, parents, serious injury case, med recs missing for trial, agreed continuance – 10/17/18 for trial, extension granted to reach the agreed trial date; trial – 10/17/18.[2]

*Id.* The rescheduled trial commenced on October 17, 2018, which was within the 180-day extension period permitted by section 263.401(b).

Generally docket sheet entries are insufficient to constitute a decree of the court; however, the family code alters this general rule in suits affecting the parent-child relationship, including parental-rights-termination cases. *Id.* at *6 (discussing TEX. FAM. CODE § 101.026). In *G.X.H.*, the docket sheet showed the court granted both an agreed continuance of the trial date to a date approximately seven weeks later and "an 'extension . . . to reach the agreed trial date.'" *Id.* at *7 (quoting docket sheet entry). The supreme court concluded "the only reasonable interpretation of this docket entry—which was entered on the date of the hearing on the Department's motion for continuance—is that the trial court granted both a continuance of the trial date and an extension of the automatic dismissal date under section 263.401(b)." *Id.* The supreme court further concluded that the trial court's extension of the automatic dismissal date as reflected in its docket sheet entry "allowed the trial court to retain jurisdiction beyond [the original automatic dismissal date]," and the final decree terminating parental rights was not void. *Id.* at *7.

---

[2] The supreme court opinion states the references to "strickling" and "cooper" "appear to be references to counsel for the Department and the attorney *ad litem* appointed to represent the children, respectively." *Id.* at *2, n.2.

## A.    Father's Arguments

As in *G.X.H.*, the trial court entered an extension of the trial date and automatic dismissal date in a docket sheet entry. *See id.* at *7.  Father argues the May 16 docket sheet entry is distinguishable from that in *G.X.H.* and does not satisfy section 263.401 because the family code prohibits the court from extending the deadlines by agreement, no party filed a motion for extension of the dismissal date, the trial court did not include the new dismissal date in the docket sheet entry, and no reporter's record was made on May 16, 2019.  We consider each argument in turn.

Section 263.402 states: "The parties to a suit under this chapter may not extend the deadlines set by the court under this subchapter by agreement or otherwise." TEX. FAM. CODE § 263.402.  Father asserts the May 16 docket sheet entry shows the deadlines were extended by agreement in violation of this provision.  We disagree. Docket sheet entries are made by the trial court, and reflect the court's decision to extend the relevant dates.  We conclude the trial court, not the parties, extended the relevant deadlines, and the parties were in agreement with the decision to extend the deadlines.

Father argues this case is distinguishable from *G.X.H.* because no party filed a motion for extension of the dismissal date in the instant case and no pleadings were presented to the court that quoted the language of the required findings pursuant to section 263.401(b).  Father does not explain why this distinction is relevant to our

analysis about whether the trial court lost jurisdiction, and we cannot conclude it is determinative. The statute does not require a party file a motion or other pleading for the trial court to retain the suit on its docket beyond the one-year dismissal date. *See* TEX. FAM. CODE § 263.401(a), (b).

Father also asserts this case is distinguishable from *G.X.H.* because the trial court did not write the date of the extension in the docket sheet entry nor did the court include the new dismissal date on the docket sheet entry. We begin by noting the trial court in *G.X.H.* did not include the new dismissal date in the docket sheet entry; the trial court set the new trial date and noted "extension granted to reach the agreed trial date"; the supreme court considered this entry sufficient. *See G.X.H.*, 2021 WL 1704234, at *2. The trial court then entered an order approximately two months after extending the trial date to specify the new dismissal date. *See id.* at *9. In the case before us, the May 16 docket sheet entry also does not include the new dismissal date. However, as in *G.X.H.*, the trial court later issued an order setting the new dismissal date in March 2020.

Additionally, section 263.401(b) requires the court render an order in which it: (1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced; (2) makes further temporary orders for the safety and welfare of the child; and (3) sets the trial date on the merits on a date not later than the new automatic dismissal date. *See* TEX. FAM. CODE § 263.401(b). Although none of these findings was on the docket sheet entry, the supreme court

–9–

stated that "while a trial court's failure to timely extend the automatic dismissal date before that date passes—through a docket-sheet notation or otherwise—is jurisdictional, claimed defects relating to the other requirements of 263.401(b) are not. Accordingly, with the exception of a trial court's failure to extend the automatic dismissal date before it passes, complaints regarding the trial court's compliance with the requirements in subsection (b) must be preserved for appellate review." *G.X.H.*, 2021 WL 1704234, at *9. Here, as in *G.X.H.*, the trial court extended the automatic dismissal date before the deadline passed, but did not note the new dismissal date until later. Father's other complaints that the trial court failed to make the findings described in subsection (b) were not raised in the trial court and, thus, were not preserved for our review. *See id.*

Finally, Father argues that no reporter's record was made on May 16, 2019, and therefore, we cannot imply the trial court made the findings required by section 263.401(b) orally or in writing. The trial court's docket sheet shows all sides were present on May 16. "Where, as here, the trial court held an oral hearing on the proposed extension and the parties failed to bring forth the record of that hearing on appeal, we will presume the trial court made the necessary findings to support the extension orally on the record at the hearing." *Id.* at *8. While trial courts "should make the section 263.401(b) findings in a written order as a matter of course . . . the failure to do so is not error, provided the findings are made orally on the record or in some other writing." *Id.* Further, "where the trial court granted an extension after

–10–

conducting an oral hearing and the record of that hearing is not made part of the record on appeal, courts may imply the section 263.401(a) findings were made on the record at the oral hearing." *Id.* Based on *G.X.H.*, we imply the section 263.401(a) findings were made on the record at the oral hearing. Additionally, to the extent we were to presume a court reporter was not present, "no objection was raised, and thus any complaint that the [May 16] hearing was not recorded is waived." *Id.* at *8 n.6.

Having considered each of Father's arguments and, applying the supreme court's analysis in *G.X.H.*, we conclude "the only reasonable interpretation of [the May 16] docket entry" is that the court extended the dismissal date in accordance with section 263.401(b). *See G.X.H.*, 2021 WL 1704234, at *7.

### B. Jurisdiction Beyond Section 263.401

Section 263.401 only empowered the trial to extend the automatic dismissal date for 180 days. And the trial court extended it beyond that date. Therefore, we must still ensure the trial court retained jurisdiction over this matter between May 20, 2019, the original automatic dismissal date, and March 5, 2020, the date trial began.

After the May 16 docket sheet entry, the trial court set a new dismissal date for November 15, 2019, which is within 180 days of May 20, 2019. *See* TEX. FAM. CODE § 263.401(b). Based on the docket sheet entry, the reasons the court continued the trial and extended the automatic dismissal date were because the parties were

–11–

waiting on the results of a home study and the parties reached a mediated settlement agreement. Section 263.403 allows a trial court to retain jurisdiction and enter an order for the monitored return of the child beyond the provisions of section 263.401. *See* TEX. FAM. CODE § 263.403(a); *In re of K.R.*, No.07-20-00149-CV, 2020 WL 6266286, at *2 (Tex. App.—Amarillo Oct. 23, 2020, pet. denied) (mem. op.); *In re R.S.*, No. 10-10-00350-CV, 2011 WL 2480341, at *6 (Tex. App.—Waco June 22, 2011, pet. denied) (mem. op.). During the monitored return, the Department remained the temporary managing conservator, but Mother had physical possession of the children. In its October 11, 2019 Order of Monitored Return/Extension of Dismissal Date, the trial court reset the dismissal date to March 23, 2020, which is fewer than 180 days from the date of the October 11, 2019 order. The trial then commenced on March 5, 2020. By commencing trial on March 5, which was before the March 23 dismissal date, the trial court retained jurisdiction over this case.

We overrule Father's sole issue.

## CONCLUSION

We conclude the trial court did not lose jurisdiction and the Decree of Termination is not void. Therefore, we affirm the trial court's Decree of Termination.

210161

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF P.Z.F., A CHILD

No. 05-21-00161-CV

On Appeal from the 305th Judicial District Court, Dallas County, Texas Trial Court Cause No. JC-18-00558-X.
Opinion delivered by Justice Nowell. Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the trial court's Decree of Termination is **AFFIRMED**.

Judgment entered this 2nd day of September, 2021.