**Affirm and Opinion Filed November 3, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00369-CV

## IN THE INTEREST OF L.D.R. AND D.J., CHILDREN

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-04007-R**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Myers

Father appeals the termination of the parent–child relationship between him and his two children, L.D.R. and D.J. Termination was sought by both the petitioner, the Texas Department of Family and Protective Services, and by an intervenor, the children's grandmother. In one issue, Father contends the trial court lacked jurisdiction over the case when it was called to trial because the statutory deadline for the Department to bring the case to trial had expired. *See* TEX. FAM. CODE ANN. § 263.401. We conclude that regardless of whether the trial court retained jurisdiction over the Department's suit, the trial court had jurisdiction over the intervenor's suit for termination. We affirm the trial court's judgment.

## BACKGROUND

Father shot and killed the children's mother. The older child was in the room when the shooting occurred but was not physically injured, and the younger child was *in utero* but was saved. On October 1, 2018, the Department filed its petition seeking appointment as temporary managing conservator of the children and termination of the parent–child relationship between Father and the children. The same day, the trial court appointed the Texas Department of Family and Protective Services to be the temporary managing conservator of the children.

By November 7, 2018, S.J., the children's grandmother, had filed a petition in intervention[1] seeking termination of the parent–child relationship and her appointment as the children's sole managing conservator.[2] She alleged the parent–child relationship should be terminated because Father engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the children and because termination would be in the children's best interest. *See* FAM. § 161.001(b)(1)(E). The Department investigated S.J. as a placement for the children, but she tested positive for drugs. However, she successfully completed the services required by the Department,

---

[1] S.J. filed her amended petition in intervention on November 7, 2018. She appears to state in her brief regarding jurisdiction filed in the trial court that she filed her original petition in intervention on November 6, 2018.

[2] S.J. alleged standing under sections 102.003(a)(9) and (11) and 102.004(a) of the Family Code. No party challenged S.J.'s standing to bring suit.

–2–

including random drug testing. On August 8, 2019, the trial court signed an Order of Monitored Return placing the children in S.J.'s custody.

The court began the trial on February 3, 2020. Father's attorney requested a continuance because Father had been declared incompetent to stand trial in his criminal case. After hearing the evidence of one witness, the court continued the case to a date agreeable to all the parties. The trial resumed on December 7, 2020. After hearing the evidence, the trial court found that Father "has engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the physical or emotional well-being of the children" and that "termination of the parent–child relationship . . . is in the best interest of the children." *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (b)(2). The court ordered the parent–child relationship between Father and the children terminated, the court removed the Department as the children's temporary managing conservator, and the court appointed S.J. as the children's permanent managing conservator.

## JURISDICTION

In his sole issue on appeal, Father contends the trial court's judgment terminating the parent–child relationship is void because the trial court did not properly extend its jurisdiction pursuant to section 263.401(b) of the Family Code and lost jurisdiction over the case before the trial commenced. *See* FAM. § 263.401(b).

A judgment is void when it is apparent that the court rendering judgment lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the particular judgment, or had no capacity to act. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020). Appellate courts have jurisdiction to determine whether an order or judgment underlying the appeal is void and to make appropriate orders based on that determination. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam).

In cases where the Department requests conservatorship of a child or termination of the parent–child relationship, the Family Code requires the court to begin the trial no later than the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator. *See* FAM. § 263.401(a). The trial court may extend the deadline if it finds that "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id.* § 263.401(b). If the court makes those findings, the court may retain the suit on its docket "for a period not to exceed 180 days after the time described by Subsection (a)." *Id.* If the trial court does not begin the trial within the required time, the court's jurisdiction over the suit is terminated and the suit is automatically dismissed without a court order. *Id.* § 263.401(a), (c); *see also In re*

*G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021). The parties may not extend the deadlines "by agreement or otherwise." FAM. § 263.402.

However, notwithstanding the provisions of section 263.401, the trial court may retain jurisdiction over a case if it: (1) finds that retention is in the best interest of the child; (2) orders a Department-monitored return of the child to a parent; and (3) continues the Department as temporary managing conservator of the child. *See* FAM. § 263.403(a); *see also In re A.H.J.*, No. 05-15-00501-CV, 2015 WL 5866256, at *2 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.). If the trial court renders an order pursuant to section 263.403, it shall "schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit unless a trial on the merits has commenced." FAM. § 263.403(b).

In this case, the trial court signed an order appointing the Department temporary managing conservator on October 1, 2018. The first Monday following the first anniversary of that date was October 7, 2019. Therefore, unless the trial court entered an order extending its jurisdiction under section 263.401(b) or section 263.403, the court's jurisdiction under the Department's petition expired on October 7, 2019.

The court's August 8, 2019 Order of Monitored Return did not extend the court's jurisdiction under section 263.403. Section 263.403 applies to a monitored return of "the child to the child's parent." FAM. § 263.403(a)(2)(A). The statute does not provide a jurisdictional extension for a monitored return of a child to a

grandparent. S.J. argues the Order of Monitored Return also constituted findings under section 263.401(b) to extend the court's jurisdiction by 180 days. However, the order contains no finding of extraordinary circumstances, and there is no indication the court or the parties intended the order to constitute findings under section 263.401(b). *Cf. In re G.X.H.*, 627 S.W.3d 288, 297–98 (Tex. 2021) (trial court's docket-sheet entry stating "extension granted to reach the agreed trial date" could only be interpreted to mean court granted extension of the automatic dismissal date). The Department concedes the trial court's jurisdiction over its petition had expired before the trial commenced on February 3, 2020. We agree with the Department and conclude the trial court's jurisdiction over the Department's petition expired October 7, 2019.

Both the Department and S.J. argue that even if the trial court's jurisdiction over the Department's petition had expired, the trial court retained jurisdiction over S.J.'s petition in intervention seeking termination of the parent–child relationship. We agree. The jurisdictional restrictions of section 263.401(a) apply only to "the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child." FAM. § 263.401(a). There are no similar restrictions on the court's jurisdiction over a termination suit brought by a private party. S.J. filed her petition in intervention in November 2018 when the

–6–

trial court clearly had jurisdiction. Nothing indicates the trial court ever lost jurisdiction to rule on S.J.'s petition in intervention seeking termination.

We conclude the trial court had jurisdiction to render judgment terminating the parent–child relationship between Father and the children. Father does not challenge the sufficiency of the evidence to support the termination. We overrule Father's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers//

210369f.p05

LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF L.D.R. AND D.J., CHILDREN

No. 05-21-00369-CV

On Appeal from the 254th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-18-04007-R.
Opinion delivered by Justice Myers. Justices Partida-Kipness and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of November, 2021.