**VACATE and DISMISS and Opinion Filed June 25, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00669-CV

## IKECHUKWU H. OKORIE AND VIVIAN N. OKORIE, Appellants

### V.

## MDREZAUL CHOWDHURY, Appellee

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-02259-2023**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Carlyle
Opinion by Justice Molberg

This appeal in a forcible detainer action challenges the trial court's May 30, 2024 "final judgment following appeal." The appeal referenced by the judgment is appellate cause number 05-23-00940-CV, which dismissed the *case* based on mootness. *See Okorie v. Chowdhury*, No. 05-23-00940-CV, 2024 WL 1431163, *1 (Tex. App.—Dallas Apr. 3, 2024, no pet.) (mem. op.); *see also Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022) (case becomes moot when live controversy ceases to exist).

1

Because no controversy remained among the parties when we dismissed the case, the trial court retained no jurisdiction over the case, and the May 30, 2024 judgment appeared void. *See Fairley*, 650 S.W.3d at 379 (courts lack subject matter jurisdiction over moot controversies); *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016) (courts must have subject matter jurisdiction over case in order to decide case); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam) (judgment is void if trial court had no jurisdiction of parties, property, or subject matter, no jurisdiction to enter particular judgment, or no capacity to act as court). Accordingly, we informed the parties that the judgment was subject to vacatur and the appeal subject to dismissal unless any party showed that the judgment was not void. *See Freedom Commcn's, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam) (on appeal from void judgment, appellate court has jurisdiction only to determine judgment is void and "make appropriate orders based on that determination).

More than ten days have passed, and only appellants have responded. They request we vacate the judgment as void and award them attorney's fees and punitive damages. Our jurisdiction, however, is limited to a review of questions raised in the trial court and properly brought up on appeal, and it extends no further than the jurisdiction of the trial court. *See Hughes v. State*, 245 S.W. 440, 443 (Tex. Crim. App. 1922) (op. on reh'g); *Dallas Cnty. Appraisal Dist. v. Funds Recovery*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied). When, as here, the trial

court lacked jurisdiction, we have jurisdiction only to set aside the judgment. *See Funds Recovery*, 887 S.W.2d at 468. Therefore, we grant appellants' motion only to the extent we vacate the judgment as void and dismiss the appeal. *See Coronado*, 372 S.W.3d at 623.

/Ken Molberg/
KEN MOLBERG
JUSTICE

240669F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

IKECHUKWU H. OKORIE AND
VIVIAN N. OKORIE, Appellants

No. 05-24-00669-CV      V.

MDREZAUL CHOWDHURY,
Appellee

On Appeal from the County Court at
Law No. 3, Collin County, Texas
Trial Court Cause No. 003-02259-
2023.
Opinion delivered by Justice
Molberg, Chief Justice Burns and
Justice Carlyle participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's May 30, 2024 judgment as **VOID** and **DISMISS** the appeal.

Judgment entered June 25, 2024.