**Opinion issued August 26, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00524-CV

———————————

**ALBERT E. NIXON, Appellant**

**V.**

**CAPITOL ONE BANK (USA), N.A., Appellee**

---

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1253812**

---

## MEMORANDUM OPINION

On June 4, 2025, the justice court rendered judgment against appellant, Albert

E. Nixon. On June 26, 2025, Nixon, acting pro se, appealed the judgment to county

court where that appeal remains pending.[1] *See* TEX. CIV. PRAC. & REM. CODE § 51.001(a) (providing that case tried in justice court may be appealed to county court); TEX. R. CIV. P. 506.1–.3 (addressing appeals from justice court to county court).

On July 10, 2025, Nixon filed a document in county court addressed to this Court entitled "Defendant's Motion to Set Aside Final Judgment and Notice of Appeal," challenging the justice court's judgment. Construing the document as a notice of appeal, the county clerk assigned the instant appeal to this Court.

A court of appeals does not have jurisdiction over a judgment from a justice court. *Lynch v. Atkinson*, No. 01-24-00177-CV, 2024 WL 3995445, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2024, no pet.) (mem. op.). This Court's civil appellate jurisdiction is set by statute over "cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs." TEX. GOV'T

---

[1] We take judicial notice of the county court's records showing that Nixon appealed the justice court's judgment to county court and that the appeal remains pending in county court. *See* TEX. R. EVID. 201(b)(2) (providing that court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (citing Rule 201 and taking judicial notice of relevant facts outside record to determine jurisdiction); *see also Harris v. Hous. Methodist Hosp.*, No. 01-17-00544-CV, 2018 WL 3233329, at *5 n.3 (Tex. App.—Houston [1st Dist.] July 3, 2018, pet. denied) (mem. op.) (taking judicial notice of district clerk's records in another case involving appellant).

CODE § 22.220(a). "Consequently, a justice court judgment cannot be appealed directly to the court of appeals." *Whisenhunt v. Hill*, No. 02-12-00310-CV, 2012 WL 3733868, at *1 (Tex. App.—Fort Worth Aug. 30, 2012, no pet.) (mem. op.) ("Appeals from justice courts generally lie either in the county or the district court.").

On July 24, 2025, the Clerk of this Court notified the parties that the Court might dismiss the appeal for want of jurisdiction unless a response was filed within 10 days demonstrating that this Court has jurisdiction over the justice court's judgment. In his response, Nixon asserts that, based on "equity and fairness," the appeal should not be dismissed. And he asserts that he filed the appeal in "good faith."[2] Nixon's response does not demonstrate that we have jurisdiction. Our jurisdiction is statutorily set, and we have no discretion to exercise jurisdiction over an appeal from justice court. *See* TEX. GOV'T CODE § 22.220(a).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[2] Nixon alternatively asks that we transfer his appeal "to the appropriate court (e.g., County Court or proper appellate forum)." As discussed, Nixon's appeal from the justice court's judgment remains pending in the county court at Case No. 1253812.