# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00614-CV

---

**Arlene Bunch and Rick Toledo as Conservator for Darlene Toledo Magner, Appellants**

**v.**

**Darrell W. Goen and Alice C. Goen, Trustees of the Goen Family Trust Dated April 13, 2006; Robert C. Dean and Teresa K. Dean, Trustees of the Dean Family Trust Dated September 6, 2006; Chester A. Hipple and Cynthia A. Hipple, as TTEE U/D/T 1/23/07 and Delbert M. Goen, Trustee of the Delbert M. Goen Living Trust Dated August 16, 2006, Each as to Undivided 25% Interest, Appellees**

---

**FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
NO. C2024-1920D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

This Court is obligated to determine, sua sponte, whether we lack jurisdiction over an appeal. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). Generally, unless the Legislature confers jurisdiction by statute, we do not have jurisdiction over an interlocutory appeal. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019). Absent a conventional trial on the merits, a judgment "is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

The trial court's July 17, 2025 summary judgment, from which appellants seek review, does neither. The judgment does not contain any language indicating its finality and expressly leaves the amount of attorney's fees and court costs to be determined at a later date and "pursuant to an appropriate Motion." "A judgment that awards an unascertainable amount is interlocutory." *Wright v. Liming*, 702 S.W.3d 666, 673 (Tex. App.—Houston [1st Dist.] 2024, no pet.). Because the trial court's order awards an undiscernible amount of attorney's fees and contains no indicia of its finality, we conclude that it is not final. *See id.*; *see also Connect MGA LLC v. Waldrop*, No. 02-22-00259-CV, 2023 WL 109736, at *3 (Tex. App.—Fort Worth Jan. 5, 2023, no pet.) (mem. op.) (order that "contemplate[d] future action by the trial court," namely, "determining the amount of attorney's fees to be awarded," was interlocutory); *Spillman v. Las Colinas Ass'n*, No. 05-22-00005-CV, 2022 WL 999942, at *1 (Tex. App.—Dallas Apr. 4, 2022, no pet.) (mem. op.) (same).

On November 3, 2025, we notified the parties of this jurisdictional defect. We requested that appellants respond to this notice by November 13, 2025, and informed them that the failure to do so could result in the dismissal of this appeal. To date, appellants have not responded. On December 11, 2025, the Clerk of this Court communicated with the trial court clerk and confirmed that no order has been issued in the underlying matter that resolves the issue of attorney's fees. *See In re A.C.T.M.*, 682 S.W.3d 234, 235 n.2 (Tex. 2023) (per curiam) (citing Tex. R. App. P. 34.5). Because there is no final order before us, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Lehmann*, 39 S.W.3d at 192–93.

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Jurisdiction

Filed:   December 16, 2025